STATE, Respondent, vs. McEWEN, Appellant.

*January 21—February 15, 1949.*

For the appellant there was a brief by *McHale & Goodnough* of Antigo, and oral argument by *Vernon J. McHale*.

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz.*

WICKHEM, J.   This case was tried to the court without a jury upon the following agreed state of facts: The town of Cassian, Oneida county, had a population of seven hundred fifteen according to the federal census of 1940.   On August 27, 1939, there were in existence in the town thirteen tavern licensees and under the provisions of sec. 176.05 (21) (a), Stats., that number became the quota for the town.   The town board continued to issue thirteen licenses annually up to July 1, 1947, including the license year ending June 30, 1948. On April 21, 1948, pursuant to sec. 60.06, a new town named Nokomis was created out of part of the territory at Cassian. Eleven of the thirteen taverns licensed by Cassian for 1947 and 1948 were located in Nokomis leaving but two within the limits of Cassian.   On July 5, 1948, the town board of Cassian issued two licenses for 1948 and 1949 and at a subsequent meeting it granted nine additional licenses including one to defendant.   The sales out of which the present prosecution arose were made by defendant after that date, and the validity of the nine licenses above referred to is challenged by this prosecution.   The eleven taverns located in the new town of Nokomis continued to operate under licenses issued by Cassian until June 30, 1948, after which time they were licensed by the town of Nokomis.

Defendant contends that sec. 176.05 (21) (e), Stats. 1947, does not prohibit the town of Cassian from issuing the same number of Class B liquor licenses that were in existence before

portions of the territory were detached for the purpose of forming the town of Nokomis. This contention requires a construction of sec. 176.05 (21), particularly of par. (e) thereof.

In substance sec. 176.05 (21) (a), Stats., restricts the governing body of a town to the issuance of one retail Class B liquor license for each five hundred inhabitants or fraction thereof except that if a greater number of licenses was in force in such town at the time of the taking effect of the subsection (August 27, 1939) than would be permissible under the subsection, the town board may continue to license this preexisting number.

Par. (c) provides that no premises licensed under a retail Class B license shall be deprived of such license nor the occupant refused a renewal "because the area in which the premises are located has been annexed to, or consolidated with a city, village or town which prior to such annexation or consolidation granted or issued a greater number of retail 'Class B' licenses than are authorized in paragraph (a)."

Par. (d) provides that upon incorporation of a village subsequent to August 27, 1939, the village may issue Class B liquor licenses equal in number to those in force in the area embraced therein at the time of such incorporation.

Par. (e), which is decisive here, provides that when a portion of any town has been detached therefrom, such town shall only be permitted to grant Class B licenses in a number equal to the difference between the number of Class B licenses in effect in such town on August 27, 1939, and the number of Class B licenses held by licensees within the detached area on the day of detachment.

Defendant's analysis of pars. (c), (d), and (e), which were enacted together by the 1947 legislature, is that par. (c) refers to a situation where licensed premises are annexed to or consolidated with a municipality; that par. (d) refers to a situation where licensed premises are incorporated in a village; that neither par. (c), (d), or (e) refer to a situation where

a new town is created; that par. (e) is inapplicable to a situation where a portion of a town has been detached for the purpose of creating a new town. It is contended that the purpose of par. (e) is merely to set forth a formula to be applied to the remaining portion of a municipality whenever a part of it has been detached for the purposes defined in the pars. (c) and (d) and that it is not intended to cover a situation where such detachment is for the purpose of creating a new town. To fortify this argument it is contended that the statute wholly fails to grant authority to the officers of the new township to issue Class B licenses, or, indeed, to grant any retail Class B liquor licenses at all.

We are of the view that this contention is not sustainable. Par. (e) is clear and unambiguous and is literally applicable because territory was detached from the town of Cassian. The detached part contained eleven taverns leaving two in the town of Cassian. In this situation the statute permits the town of Cassian to issue only two licenses unless its population warrants a greater number under the quota provisions of par. (a) of sec. 176.05 (21), Stats. The general purpose of pars. (a), (c), (d), and (e) is clear. The legislature intended in general to limit licenses to one for each five hundred residents of a city, village, or town but it sought to preserve the rights of those who had been licensed at the time of the enactment. There was no intention to permit the total number of licenses to be issued to exceed the population quota for any other purpose. The intent to preserve existing licenses in excess of the quota specified by par. (a) was implemented by pars. (c), (d), and (e) which covered the situations of consolidation with other municipal units, incorporation of a village, and detachment. In every instance the effect was to preserve the rights of existing licensees and to insure that no municipality could in any other manner exceed the specified ratio.

Defendant contends that the statute either considerately or by inadvertence fails to authorize the town of Nokomis to license any of the taverns existing in that territory at the time of

the creation and that the foregoing construction will result in stripping the town of Cassian of the power to issue more than two licenses without granting to the town of Nokomis the right to issue any license. This is not of any persuasive force even if true because of the clear and unambiguous language of par. (e). Since the matter is not involved here we shall not consider whether such a result follows our construction of par. (e).

*By the Court.*—Judgment affirmed.